UNITED STATES of America,
Plaintiff–Appellee,

v.

Miriam AVILES–BRITO, a.k.a. Mariam Aviles De Reyes, a.k.a. Miriam Aviles de Reyes, Defendant–Appellant.

Nos. 15–10113, 15–10129.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 23, 2015.

Ryan P. Dejoe, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Matthew J. McGuire, Patagonia, AZ, for Defendant–Appellant.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Miriam Aviles–Brito appeals the 37–month sentence imposed following her guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326, and the consecutive four-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aviles–Brito contends that the district court procedurally erred by failing to address her arguments for (1) a downward variance based on the nature and circumstances of the offense, and (2) a downward departure for cultural assimilation. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court considered Aviles–Brito's arguments and granted a two-level downward variance based on the 18 U.S.C. § 3553(a) factors. Contrary to Aviles–Brito's contention, the court was not required to explicitly address each of her arguments. *See Rita v. United States*, 551 U.S. 338, 358–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Moreover, the district court did not abuse its discretion in imposing the aggregate below-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.